PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JAMISON, | ) | |
| | ) | CASE NO.  4:20CV0454 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ANDREW SCHUMACHER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 20] |

Pending in this prisoner civil rights case is Defendants FCI Elkton Physicians Assistant

Andrew Schumacher, Dr. J. Dunlop, and Health Services Administrator Jane Barnes' Motion to

Dismiss Complaint (ECF No. 20).  The Court has been advised, having reviewed the record, the

parties' briefs,[1] and the applicable law.  The Court has also considered the summary of the

arguments, including supplemental points, presented on the record at the June 21, 2021

---

[1]  *Pro Se* Plaintiff James Jamison filed a Supplemental Response (ECF No. 28),
treated as a sur-reply, without leave of court.  The primary purpose for allowing the
moving party to serve and file a reply memorandum in support of a motion is so it can
respond to any new issues raised by the memorandum in opposition.  Consideration of
ECF No. 28 would frustrate the purpose of allowing Defendants to be the first and last to
be heard on their pending Motion to Dismiss (ECF No. 20).  *See Bickerstaff v. Cuyahoga
Cty.*, No. 1:18CV1142, 2019 WL 7500494, at *6 (N.D. Ohio, Aug. 12, 2019) (Parker,
M.J.) (citing *Key v. Shelby Cty.*, 551 Fed.Appx. 262, 265 (6th Cir. 2014) ("the Federal
Rules of Civil Procedure do not expressly permit the filing of sur-replies")), *report &
recommendation adopted*, 2019 WL 5303967 (N.D. Ohio Oct. 21, 2019) (Barker, J.); *In
re Steinle*, 835 F. Supp.2d 437, 443-44 (N.D. Ohio 2011) (Katz, J.) (same).  Accordingly,
ECF No. 28 is stricken from the file.

(4:20CV0454)

Telephonic Case Management Conference. For the reasons that follow, the Court grants the motion.[2]

## I. Background

Plaintiff filed this *Bivens*[3] action against Schumacher, Dunlop, and Barnes alleging they violated his right to refuse medical treatment while he was incarcerated at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"). Defendants are federal employees named in their individual capacities.

Plaintiff arrived at FCI Elkton on February 26, 2019 and was housed there until September 5, 2019, when he was released to a halfway house in Ohio. Upon his arrival, Plaintiff informed medical staff that he could not tolerate NPH, the type of insulin FCI Elkton had available for diabetic inmates. Defendants provided treatment when Plaintiff's blood sugar dropped. Schumacher and Dunlop offered Plaintiff multiple forms of insulin medication to treat his diabetes, and even approved a form of fast-acting insulin that Plaintiff previously took. All three Defendants insisted that Plaintiff take some form of insulin to control his diabetes, but did not specify which form. He subsequently refused to take NPH, claiming it caused negative reactions to his body. Instead, Plaintiff requested 75/25 Humalog insulin – a medication he had taken for 10 years prior to incarceration. Eventually, Plaintiff received approval to take 75/25

---

[2] During the Telephonic Case Management Conference, the Court announced its decision that Plaintiff has not presented a case that would survive the within motion.

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Humalog. Plaintiff alleges that on March 8, 2019, his first day taking 75/25 Humalog while at FCI Elkton, he suffered a negative reaction. He thereafter refused to take the 75/25 Humalog.

Plaintiff alleges that Defendants, all members of FCI Elkton's medical staff, provided him with a refusal of medical treatment form and placed him on medical hold preventing his release to a halfway house until Jamison agreed to take some form of insulin to control his diabetes. Plaintiff asserts he had no choice but to take insulin and endure uncomfortable side effects in order to become medically stable, so he could complete his sentence in a halfway house or under home confinement. On April 26, 2019, Plaintiff agreed to begin taking the 75/25 Humalog insulin as requested by medical staff. The medical hold was lifted the same day. Plaintiff states that he filed for two administrative remedies against Defendants, however, the process was not exhausted because of his upcoming release date.

Plaintiff previously filed a *Bivens* action against Schumacher, Dunlop, Barnes, and the Bureau of Prisons on October 17, 2019. *Jamison v. Bureau of Prisons*, No. 4:19CV2421 (N.D. Ohio filed Oct. 17, 2019) (Pearson, J.). The Court dismissed that action for failure to exhaust administrative remedies under 42 U.S.C. §1997e. The claims against Schumacher, Dunlop, and Barnes were dismissed without prejudice. The claims against the Bureau of Prisons were dismissed with prejudice because *Bivens* claims cannot be brought against the United States or its agencies. *Jamison v. Bureau of Prisons*, No. 4:19CV2421, 2020 WL 95187 (N.D. Ohio Jan. 8, 2020).

Plaintiff has now refiled the same claims against Schumacher, Dunlop, and Barnes. With respect to exhaustion of administrative remedies, he states that the administrative process was

stalled because prison officials delayed answering his BP-8 grievance. Plaintiff also asserts the prison officials kept returning his BP-9 for defects and the Regional Director never answered his BP-10. Plaintiff indicates he could not complete the appeals process because he was released from custody.[4]

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

---

[4] According to the Bureau of Prisons website (https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results) (last visited June 23, 2021), Plaintiff was released on December 3, 2019.

When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. Discussion

**A.     Plaintiff Has Not Demonstrated Good Cause for his Failure to Perfect Service on Defendants.**

Defendants argue that Plaintiff failed to properly serve them.  Therefore, failure of service and lack of personal jurisdiction warrants dismissal of the Complaint (ECF No. 1).  The Court agrees.  *See Jamison*, 2020 WL 95187, at *2 (dismissing Plaintiff's previous lawsuit – asserting the same claims against these Defendants – in part because Jamison failed to perfect service when he only served Defendants at their place of employment).

Fed. R. Civ. P. 4 requires a plaintiff to perfect personal service on each federal employee subject to suit.  *See* Fed. R. Civ. P. 4(i)(3) and (e)(2).  This rule applies in cases involving *Bivens* claims.  *Abel v. Harp*, 122 Fed.Appx. 248, 251 (6th Cir. 2005); *Harris v. City of Cleveland*, 7 Fed.Appx. 452, 455 (6th Cir. 2001).  Without such personal service, a district court is without jurisdiction to render judgment against Defendants.  While Plaintiff attempted to serve Defendants at FCI Elkton, their place of employment (*see* Returns of Service (ECF No. 6)), this method of serving Defendants is insufficient to meet the requirement of personal service.  *See*

(4:20CV0454)

*Ecclesiastical Order of Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988). The fact

that Defendants may have notice of the suit is immaterial. *See id.*[5]

### B. Barnes is Entitled to Absolute Immunity Under 42 U.S.C. § 233(a).

Plaintiff does not contest that during the period covered by the Complaint (ECF No. 1),

Barnes was a commissioned officer in the U.S. Public Health Service ("PHS"), serving as a

Health Services Administrator at FCI Elkton. *See* Declaration of Jane Barnes (ECF No. 20-2) at

PageID #: 227, ¶¶ 1-3. Nor does he contest that employees of the PHS enjoy absolute immunity

against claims resulting from the performance of medical or related functions. *See Hui v.*

*Castaneda*, 559 U.S. 799, 866 (2010) ( the Supreme Court found that PHS officers have absolute

immunity from all liability, including acts that may violate a detainee's constitutional rights).

Therefore, Barnes is immune, and the Court lacks subject-matter jurisdiction over the claims

asserted against her in this lawsuit.

### C. Assuming Plaintiff Were to Subsequently Perfect Service on Defendants, Defendants are Still Entitled to Qualified Immunity.

Once a defendant raises qualified immunity, the burden shifts to the plaintiff, who must

demonstrate both that the official violated a constitutional or statutory right, and that the right

was so clearly established at the time of the alleged violation that every reasonable official

would have understood that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S

731, 741 (2011). If the plaintiff fails to carry this burden as to either element of the analysis,

_____

[5] Although the docket does indicate that the United States Attorney for the Northern District of Ohio and the United States Attorney General were served as required under Fed. R. Civ. P. 4(i)(1)(A)(i). *See* Returns of Service (ECF No. 13).

qualified immunity applies and the official is immune. *Cockrell v. City of Cincinnati*, 468 Fed.Appx. 491, 494 (6th Cir. 2012). "Clearly established law" should not be defined "at a high level of generality" and the clearly established law must be "particularized" to the facts of the case. *Ashcroft*, 563 U.S. at 742; *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

In *Saucier v. Katz*, the Supreme Court established a two-step inquiry for determining whether an official is entitled to qualified immunity. 533 U.S. 194, 201 (2001). The Court must consider (1) whether, viewing the evidence in the light most favorable to the injured party, a constitutional right has been violated; and (2) whether that right was clearly established. *Id.* In *Pearson v. Callahan*, the Supreme Court held that while the sequence set forth in *Katz* is often appropriate, it is not mandatory, and courts have discretion to decide which of the two prongs of the qualified immunity analysis to address first. 555 U.S. 223, 236 (2009); *Jefferson v. Lewis*, 594 F.3d 454, 460 (6th Cir. 2010).

Defendants did not violate Plaintiff's right to refuse medical treatment. The Complaint (ECF No. 1) fails to state a claim under the Fifth and Fourteenth Amendment because Plaintiff's right to refuse medical treatment is not absolute, particularly in a prison setting. *Davis v. Agosto*, 89 Fed.Appx. 523, 528 (6th Cir. 2004) (citing *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996)). Moreover, Plaintiff has no clearly established constitutional right to a placement in a halfway house, or any particular place of confinement. *See Nunez v. FCI Elkton*, 32 Fed.Appx. 724, 725 (6th Cir. 2002) (prisoner failed to state a claim for due process violation where he was transferred and denied eligibility for placement in a halfway house); *Stanko v. Rios*, No. 08-4991 (JNE/JJG), 2009 WL 1303969, at *1 (D. Minn. May 8, 2009), *aff'd*, 366 Fed.Appx. 725 (8th Cir.

2010) (denying petition for writ of habeas corpus because prisoner has no affirmative right to placement in a halfway house or residential reentry center).

Plaintiff also fails to state a plausible claim that any Defendant subjected him to cruel and unusual punishment under the Eighth Amendment. That the medical staff at FCI Elkton insisted on Plaintiff taking some form of insulin out of several available options, all of which apparently caused him unpleasant side effects, does not rise to the level of deliberate indifference to Jamison's medical needs. A prisoner has no constitutional right to choose a specific form of medical treatment, so long as the treatment provided is reasonable. *See Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000); *Lyle v. Montgomery Cty. Jail*, No. 3:15-cv-01065589, 2015 WL 6108069, at *3 (M.D. Tenn. Oct. 14, 2015). Furthermore, an inmate's claims against members of a prison medical department are not viable where the inmate receives continuing care, but believes that something different should be done, because a difference of opinion between a prisoner and a doctor over treatment is insufficient to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976); *Dodson v. Wilkinson*, 304 Fed.Appx. 434, 440 (6th Cir. 2008) ((An inmate's "disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation"). Here, the Complaint (ECF No. 1) demonstrates that Defendants monitored Plaintiff's blood sugar, found it to be high, and gave him options for multiple forms of insulin, but he initially refused to take any of them, even the 75/25 Humalog that he previously took.

(4:20CV0454)

## IV. Conclusion

Accordingly, Defendants' Motion to Dismiss Complaint (ECF No. 20) is granted.

Plaintiff's Supplemental Response (ECF No. 28) is stricken from the file. This case is dismissed

with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this

decision could not be taken in good faith.


IT IS SO ORDERED.


___June 24, 2021___         ___/s/ Benita Y. Pearson___
Date                                          Benita Y. Pearson
                                                United States District Judge